UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TROY IRA THOMAS,**

     **Petitioner,**

**v.**                                         **Case No. 8:23-cv-175-TPB-UAM**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

     **Respondent.**

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Troy Ira Thomas, a former Florida prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response opposing the petition. (Doc. 16). Although afforded the opportunity, Thomas did not submit a reply. (Doc. 36). After careful review, the petition is **DENIED**.

## Background

In July 1999, Thomas was charged in Florida's Sixth Judicial Circuit with possession of a firearm by a felon. (Doc. 17-2, Ex. 40, at 1). His first trial ended in a mistrial. (*Id.*) The State subsequently filed an amended information charging Thomas with possession of a firearm by a violent career criminal ("VCC"). (*Id.*, Ex. 2). The information alleged that Thomas possessed "a firearm" on July 4, 1999, despite having prior felony convictions for

1

resisting an officer with violence, false imprisonment, and battery on a law enforcement officer. (*Id.* at 1).

At the retrial, the jury was instructed that it could convict Thomas only if the prosecution proved beyond a reasonable doubt that (1) he "had been convicted of a felony" and (2) "after the conviction, [he] knowingly had in his care, custody, possession[,] or control a firearm." (*Id.*, Ex. 21, Trial Tr. at 568). The parties stipulated that Thomas "had . . . been convicted of a felony." (*Id.*) The jury ultimately found him guilty as charged. (*Id.*, Ex. 3). After determining that he qualified as a VCC, the trial court sentenced Thomas to a mandatory term of life imprisonment. (*Id.*, Ex. 4; *see also* Fla. Stat. §§ 790.235(1), 775.084(4)(d)(1). The conviction was affirmed on direct appeal.[1] (Doc. 17-2, Ex. 6).

Nearly fifteen years later, in February 2017, Thomas moved to vacate his life sentence on the ground that the information was "fundamentally defective." (*Id.*, Ex. 11, at 8). The trial court granted the motion, concluding that the information failed to properly allege that Thomas "qualifie[d] as a VCC." (*Id.*, Ex. 15, at 2-3). The court explained that "to properly charge a defendant with possession of a firearm by a VCC," the State must allege that

---

[1] Thomas separately pleaded *nolo contendere* to carrying a concealed firearm and resisting an officer without violence. (Doc. 17-2, Ex. 7). He received four years' imprisonment for the former offense and time served for the latter. (*Id.*, Ex. 8). Thomas does not challenge these convictions in his petition.

the defendant (1) had "previously been convicted as an adult three or more times for a qualifying felony offense," and (2) had "been incarcerated in a state or federal prison." (*Id.* at 2). Here, two of the three predicate felonies listed in the information—false imprisonment and battery on a law enforcement officer—were not "qualifying offenses" under the VCC statute. (*Id.* at 3). Moreover, the information "fail[ed] to allege that [Thomas] was previously incarcerated in state or federal prison." (*Id.*) Based on these defects, the court held that the information did not "allege two elements of the crime of possession of a firearm by a VCC." (*Id.*) Instead, the information "allege[d] that [Thomas] committed the crime of felon in possession of a firearm"—a lesser-included offense of possession of a firearm by a VCC. (*Id.*) Thomas was thus "entitled to relief," and the court ordered a "hearing to address the appropriate remedy." (*Id.* at 5).

At the hearing, the court vacated Thomas's judgment, adjudicated him guilty of the lesser-included offense of possession of a firearm by a felon, and sentenced him to 25 years' imprisonment as a habitual felony offender ("HFO").[2] (*Id.*, Ex. 19, at 19-20; *see also id.*, Ex. 20). Thomas appealed, and the Second District Court of Appeal affirmed in an unexplained decision. (*Id.*,

---

[2] Before the hearing, the State had "renotice[d]" Thomas as a "habitual offender." (Doc. 17-2, Ex. 19, at 21).

Exs. 22, 27). Thomas then sought various forms of postconviction relief in state court. (*Id.*, Exs. 37-50). When those efforts failed, he filed a federal habeas petition.[3] (Doc. 1).

## Discussion

Thomas argues that the trial court violated his constitutional rights by vacating his life sentence, adjudicating him guilty of the lesser-included offense of possession of a firearm by a felon, and sentencing him to 25 years' imprisonment. (Doc. 1 at 5-10; Doc. 1-1; Doc. 1-2; Doc. 1-3; Doc. 1-4; Doc. 8). According to Thomas, his new judgment is unlawful because (1) the trial court lacked jurisdiction over his case, (2) he did not have "fair notice" that he could be convicted of possession of a firearm by a felon, (3) he was "deprived of his right to [a] jury trial," and (4) his right against double jeopardy was violated. (*Id.*) Thomas separately contends that the attorney who represented him during resentencing was ineffective for failing to raise these issues. (Doc. 8 at 27-36).

Even under *de novo* review, Thomas's claims lack merit. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("[A] habeas petitioner will not be

---

[3] Nine months after filing his federal petition, Thomas was released from prison. (Doc. 21-1). His release does not moot this action. *See Jamerson v. Sec'y for Dep't of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005) ("Completion of a criminal sentence does not render a petition for habeas relief moot, because the ongoing collateral consequences of a wrongful conviction, such as the possible enhancement of a later criminal sentence on the basis of the earlier wrongful conviction, satisfy the case-or-controversy jurisdictional requirement of Article III of the Constitution.").

entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review.").

First, the trial court had jurisdiction over this case. Thomas argues that because the information failed to properly allege that he was a VCC in possession of a firearm, the court lacked jurisdiction "to [enter] the amended judgment" for possession of a firearm by a felon. (Doc. 1-1 at 5). In certain narrow circumstances, an information can be "so deficient that the convicting court was deprived of jurisdiction." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989). But an information "is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (11th Cir. 1992). "Those requirements are satisfied by an [information] that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

As the trial court found, the information failed to properly charge Thomas with possession of a firearm by a VCC. (Doc. 17-2, Ex. 15, at 2-3). But it did allege "the essential elements" of the lesser-included offense of possession of a firearm by a felon. *See Yonn*, 702 F.2d at 1348. That offense contains "two elements: (1) prior conviction of a felony and (2) knowingly

5

owning or having a firearm in one's care, custody, possession[,] or control."
*Hines v. State*, 983 So. 2d 721, 724 (Fla. 1st DCA 2008). Here, the information
set forth both elements, alleging that Thomas "unlawfully ha[d] in his
custody, possession[,] or control a firearm" despite having several prior felony
convictions. (Doc. 17-2, Ex. 2, at 1). To be sure, two of those prior convictions
were not qualifying offenses under the VCC statute. (*Id.*, Ex. 15, at 2-3). But
there is no dispute that—as the information alleged—Thomas was a
convicted felon when he possessed a firearm on July 4, 1999. (*Id.*, Ex. 21,
Trial Tr. at 568). Therefore, the information "charge[d]" a felony offense with
"sufficient precision" to confer jurisdiction over Thomas's case. *Stavroulakis*,
952 F.2d at 693; *see also* Fla. Stat. § 26.012(2)(d) (granting Florida's circuit
courts "exclusive original jurisdiction" over "all felonies").

Second, Thomas had fair notice that he could be convicted of the lesser-
included offense of possession of a firearm by a felon. "Due process dictates
that an [information] afford a defendant notice of the charges so that the
defendant can prepare an adequate defense." *United States v. Alvarez-
Moreno*, 874 F.2d 1402, 1410 (11th Cir. 1989). A defendant receives "notice as
guaranteed by" the Constitution when the information "set[s] forth the
essential elements" of the offense. *Belt v. United States*, 868 F.2d 1208, 1211
(11th Cir. 1989). As explained above, the information alleged "the essential

6

elements" of possession of a firearm by a felon. *Yonn*, 702 F.2d at 1348. Thus, Thomas had fair notice that he could be convicted of that offense.

Third, the resentencing did not violate Thomas's right to a jury trial. A "reduction on appeal to [a] lesser-included offense does not run afoul of the Sixth Amendment" right to a jury trial when the jury necessarily "found all the elements of the lesser offense." *Franks v. Alford*, 820 F.2d 345, 347 (10th Cir. 1987); *see also Rutledge v. United States*, 517 U.S. 292, 306 (1996) (courts "may direct the entry of judgment for a lesser-included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense"). Here, the jury necessarily "found all the elements of the lesser offense" of possession of a firearm by a felon when it convicted Thomas at his retrial. *Franks*, 820 F.2d at 347. Indeed, the jury was instructed only on the elements of that offense. (Doc. 17, Ex. 21, Trial Tr. at 568). Therefore, the court did not violate Thomas's right to a jury trial by reducing his conviction to possession of a firearm by a felon. *See Morris v. Mathews*, 475 U.S. 237, 247 (1986) (upholding state-court decision to reduce improper conviction to lesser offense without submitting question to jury when "it [was] clear that the jury necessarily found that the defendant's conduct satisfie[d] the elements of the lesser-included offense").

Fourth, the resentencing did not violate double jeopardy. "[S]tate and federal . . . courts have long exercised the power to modify a criminal

judgment on appeal by entering judgment for conviction of a lesser-included offense." *Dortch v. Crosby*, No. 3:05-cv-21-RV-MD, 2005 WL 1684430, at \*9 (N.D. Fla. July 5, 2005) (collecting cases), *adopted by* 2005 WL 2045775 (N.D. Fla. Aug. 25, 2005). That procedure complies with double jeopardy because it does not "constitute a decision that the State failed to prove beyond a reasonable doubt the lesser-included offense." *Beverly v. Jones*, 854 F.2d 412, 415 (11th Cir. 1988). Here, the trial court vacated Thomas's conviction because the information failed to properly charge him as a VCC. (Doc. 17-2, Ex. 15, at 2-3). But that ruling had no bearing on whether the State "prove[d] beyond a reasonable doubt the lesser-included offense" of possession of a firearm by a felon. *Beverly*, 854 F.2d at 415. And, as explained above, the jury "found all the elements of [that] lesser offense" when it convicted Thomas at his retrial. *Franks*, 820 F.2d at 347. Thus, no double jeopardy violation occurred during the resentencing.[4]

Finally, Thomas contends that his resentencing counsel was ineffective for failing to raise the arguments rejected above. (Doc. 8 at 27-36). Those arguments are uniformly meritless. Thus, counsel was not obligated to raise

---

[4] To the extent that Thomas argues his HFO sentence violates double jeopardy because he is being punished twice for his prior convictions, his contention lacks merit. *See United States v. Ortiz-Williams*, 221 F. App'x 913, 915 (11th Cir. 2007) ("It is well-established that sentencing enhancements for prior criminal conduct do not constitute multiple punishment for the prior offenses.").

them. *See Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) (noting that "[a] lawyer cannot be deficient for failing to raise a meritless claim").

<u>**Conclusion**</u>

Accordingly, it is **ORDERED** that Thomas's petition (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Thomas and to **CLOSE** this case.

It is further **ORDERED** that Thomas is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. To obtain a certificate of appealability, Thomas must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thomas has not made the requisite showing. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Thomas must obtain permission from the Eleventh Circuit to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, this 14th day of April, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**